CORENMAN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. June 6, 1911.)

No. 277.

1. CRIMINAL LAW (§ 1134*)—APPEAL AND ERROR—QUESTIONS REVIEWABLE.

In the federal courts, the denial of a motion for a new trial in a criminal case is not reviewable by an appellate court.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1134.*]

2. CRIMINAL LAW (§ 829*)—TRIAL—INSTRUCTIONS.

In a prosecution of a bankrupt for fraudulently concealing property from his trustee, where the jury were instructed that to convict they must find certain facts, from which a fraudulent intent must be inferred as matter of law, a specific instruction that such intent must be found was not required.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. § 829.*]

3. BANKRUPTCY (§ 485*)—CRIMINAL OFFENSES BY BANKRUPT—FRAUDULENT CONCEALMENT OF PROPERTY.

That a bankrupt used a part of the proceeds of property concealed from his trustee in the payment of debts does not negative a fraudulent intent in such concealment.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 485.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Zindil Corenman was convicted of a criminal offense, and brings error. Affirmed.

H. W. Unger (Abraham Levy, on the brief), for plaintiff in error.

Henry A. Wise, U. S. Atty. (A. S. Pratt, Asst. U. S. Atty., of counsel), for the United States.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. We have carefully considered all of the contentions made in behalf of the defendant. In view, however, of the large number of assignments of error, and of their nature, we deem it unnecessary to state the facts or review the contentions in any further detail than is required to explain the following conclusions reached:

(1) The evidence tending to establish the guilt of the defendant was quite sufficient to warrant the trial court in submitting the case to the jury. The motions to dismiss the indictment and to advise the jury to acquit were properly denied.

[1] (2) The action of the trial court in denying a motion for a new trial is not reviewable in this court.

[2] (3) There was no error in the charge with respect to the fraudulent intent of the defendant. The facts which the trial court instructed the jury that they must find in order to convict the defendant were facts from which the inference of a fraudulent intent followed as a matter of law. If they found such facts, it was not only the right, but the duty, of the jury to find the intent alleged.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**[3]** (4) The defendant was not entitled to an instruction that the jury could find a want of fraudulent intent from the mere fact that he used a part of the proceeds of the check to pay debts with. After bankruptcy the check belonged to the bankrupt's estate, and not to him, and it was for the trustee to distribute it. The request to charge itself assumed that only $300 of the proceeds had been used for debts. The question of the bona fide application of moneys alleged to have been concealed was not fairly raised.

(5) We find no error in any other portions of the charge.

(6) The date of the filing of the petition in bankruptcy was clearly established by the stamped indorsement thereon, supplemented by the testimony of the witness Cohen.

(7) We think it the better view that the testimony concerning the $300 check was admissible as a part of the res gestæ. It tended to show the date of the transaction. But, if the testimony were immaterial, we think that there was no such error in receiving it as would require a reversal of the judgment.

(8) The testimony regarding the second check was probably immaterial, but we fail to see that the defendant was prejudiced by it. The offense was completed when he fraudulently concealed the first check, and it could not have materially affected him to show what was subsequently done with it. Moreover, there was testimony that the defendant participated in the matter of the substitution of the checks.

(9) The trial court properly excluded the question put to the trustee in bankruptcy upon cross-examination with respect to his efforts to collect the check. The question related to an irrelevant and immaterial matter. The question was whether the bankrupt had concealed property, not whether the trustee had done his duty with respect thereto.

(10) We find no reversible error in any of the other rulings upon evidence.

The judgment of the Circuit Court is affirmed.