[Crim. No. 697.   First Appellate District.—January 10, 1918.]

## THE PEOPLE, Respondent, v. JENNIE HANFORD, Appellant.

JUVENILE COURT LAW—KNOWLEDGE AND ENCOURAGEMENT OF COMMISSION OF ACTS OF PROSTITUTION—PREVIOUS IMMORALITY IMMATERIAL. Under section 21 of the Juvenile court law, a defendant who knowingly permits a minor to commit acts of prostitution in her house and encourages the commission of the same is guilty of a misdemeanor, although the minor may have been leading an idle, dissolute, and immoral life prior to and at the time she went to the house of defendant.

ID.—EVIDENCE — PARTS OF TESTIMONY OF PROSECUTING WITNESS BEFORE JUVENILE COURT.—Where defendant's counsel on cross-examination of the prosecuting witness read into the record a certain portion of her testimony given before the judge of the juvenile court, the prosecuting attorney has the right on redirect examination to read into the record a portion of the same testimony which defendant's counsel omitted to read.

Id. — Character of House of Prostitution — Evidence — General
Reputation. — The character of a house of prostitution may be
established by evidence of its general reputation.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Walter J. Thompson, and Edward Lomasney, for Appel-
lant.

U. S. Webb, Attorney-General, and John H. Riordan, Dep-
uty Attorney-General, for Respondent.

LENNON, P. J.—Defendant was charged by an informa-
tion filed in the superior court of the city and county of San
Francisco with the crime of violating the provisions of section
21 of the juvenile court law. She was tried, convicted and
sentenced to imprisonment in the county jail of said city and
county. Defendant has appealed from the judgment and the
order denying her motion for a new trial.

The evidence is sufficient to establish the crime charged.
It shows that the defendant knowingly permitted the prose-
cuting witness to commit acts of prostitution in the defend-
ant's house and encouraged the commission of the same.

It is no defense that the prosecuting witness may have been
leading an idle, dissolute, and immoral life prior to and at
the time she went to the house of defendant. The statute
under which the defendant was convicted in part provides
that "any person who shall, by any act or omission, or by
threats, or commands, or persuasion, induce or endeavor to
induce any such person, under the age of twenty-one years,
to do or to perform any act or to follow any course of con-
duct, or to so live as would cause or manifestly tend to cause
any such person to become or *to remain* a person coming
within the provisions of any of subdivisions 1 to 13 inclu-
sive of section 1 of this act, shall be guilty of a misdemeanor.
. . . " (Stats. 1915, p. 1246.)

Thus it is apparent that the juvenile court law not only
denounces and condemns acts which tend to make a minor a
prostitute, but also those which tend to cause one, already a

prostitute, to remain a prostitute.  In short, the clear purpose and intent of the statute is to reclaim the fallen as well as protect the virtuous.

Complaint is made of the alleged misconduct of the trial court, but the record does not show that the remarks of the court in response to an objection which it is claimed constituted misconduct were objected to or assigned as misconduct. Moreover, the record shows that the objection which provoked the remarks of the court was immediately withdrawn.  This, we take it, was an acquiescence in the pertinency and propriety of the court's remarks, which were addressed solely to counsel for the defendant.

Defendant's counsel, during the cross-examination of the prosecuting witness, read into the record a certain portion of her testimony given before the judge of the juvenile court. On her redirect examination the prosecuting attorney read into the record a portion of the same testimony given by the witness in the juvenile court which counsel for the defendant omitted to read.  This he had a right to do, for "where parts of a conversation or act or writing are proved, other connected parts should be received."  (Jones on Evidence, 2d ed., p. 192.)  Moreover, even if this had been erroneous, defendant failed to make either a timely objection or a motion to strike out.

The court did not err in admitting evidence concerning the reputation of the defendant's house.  The character of a house of prostitution may be established by evidence of its general reputation.  (*People* v. *De Martini,* 25 Cal. App. 9, [142 Pac. 898].)

Judgment and order affirmed.

Beasly, J., *pro tem.,* and Kerrigan, J., concurred.