[Crim. No. 528.   Third Appellate District.—September 10, 1920.]

THE PEOPLE, Respondent, v. E. C. WILHITE, Appellant.

[1] CRIMINAL LAW — CONTRIBUTION TO DELINQUENCY OF MINOR — PLEADING — SECOND AMENDED INFORMATION.—In view of section 1008 of the Penal Code, it was not error in a prosecution for contributing to the delinquency of a minor to deny a motion to strike out the second amended information and to overrule a demurrer thereto, where the only differences between the original and the first and second informations were in the substitution of the word "wrongfully" for "feloniously," the word "female" for "minor," and the elimination from the second amended complaint of the words "and who has violated the laws of the state of California, relative to living in cohabitation and adultery."

[2] ID.—PROOF OF SIMILAR OFFENSES—EFFECT OF—INSTRUCTION.—An instruction in such a prosecution that testimony had been introduced tending to prove other acts than those relied on in the information, for the purpose of proving the disposition of the defendant and his tendency to commit such acts, and not to prove distinct offenses, was not erroneous.

[3] ID. — PREVIOUS IMMORALITY OF PROSECUTRIX — EFFECT OF — INSTRUCTION.—An instruction to the effect that even though it may appear that the complaining witness had been leading a lewd or

immoral life before the alleged offense charged in the information, that fact alone would not warrant a verdict of acquittal, contains a correct statement of the law.

[4] ID.—ACTS CHARGED IN INFORMATION—EFFECT OF—INSTRUCTION.— An instruction that it was not necessary that the evidence should actually show that the alleged acts of the defendant caused the prosecutrix to lead an idle, dissolute, or immoral life, but it was only necessary to show that the alleged acts tended to cause her to lead such a life, was properly given.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial. J. C. Needham, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. J. Maddux for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

NICOL, P. J., *pro tem.*—The defendant was accused of contributing to the delinquency of a minor under the age of twenty-one years. He was tried and convicted of the offense charged and from the judgment and order denying the motion for new trial the defendant prosecutes this appeal.

The information against the defendant was filed on the sixteenth day of June, 1919, and was thereafter followed by two amended informations covering the same offense which was charged in the original information. The second amended information was filed December 11, 1919, and alleges that: "The said E. C. Wilhite on, or about the 21st day of June A. D. 1918, at and in the said County of Stanislaus, State of California, and prior to the filing of this information did then, and there, to wit: in said County of Stanislaus, State of California, willfully, unlawfully and wrongfully have and accomplish an act of sexual intercourse with and upon one Bessie Robertson, then and there a female under the age of twenty-one years, to wit: of the age of eighteen years, and not then and there the wife of said E. C. Wilhite. That said act by the said defendant, did then and there manifestly cause, encourage and contribute to the said Bessie Robertson, then and there a female under the age

of twenty-one years, to wit: of the age of eighteen years, to become and remain a person coming within the provisions of Section one of the Juvenile Court Law of the State of California, to wit: a person under the age of twenty-one years who is leading or from any cause is in danger of leading an idle, dissolute, lewd and immoral life, and from which said act of sexual intercourse the said Bessie Robertson conceived and bore a child, contrary,'' etc.

[1] The defendant interposed a motion to strike out this second amended information and also filed a demurrer to the same.

The difference between the original and the first and second amended informations may be briefly stated as follows: The original and the first amended informations alleged that the defendant did ''willfully, unlawfully and *feloniously*'' and the second amended information contains the word ''*wrongfully*'' in place of the word ''feloniously.''

The first amended information contains the words ''*acts* of sexual intercourse'' at two different places and the second amended information contains a reference at those two places to an ''*act* of sexual intercourse.''

The first and second amended informations contain the words ''*female* under the age of twenty-one years'' and the original information contained the word ''minor'' in place of the word ''female.''

The original and the first amended informations in referring to the said Bessie Robertson contain the words ''and who has violated the laws of the state of California, relative to living in cohabitation and adultery.'' These last quoted words are not contained in the second amended information.

It is provided by section 1008 of the Penal Code that: ''An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. Such amendment may be made at any time thereafter in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant . . . ''

It is clear that the offense charged in the second amended information is the same offense that is charged in the original and first amended informations, and it is apparent that the motion to strike out said second amended information

was properly denied and the demurrer to the same was properly overruled by the trial court.

[2] The appellant claims that the court erred in giving the following instruction to the jury: "The prosecution in this case has selected the alleged acts of the defendant set forth in the information and testified to by witness Bessie Robertson, as having occurred on or about the twenty-first day of June, 1918, and has elected to rely on proof of such acts for a conviction in this case. Testimony has been introduced by the prosecution tending to prove other acts and conduct of the defendant toward said Bessie Robertson of a similar character to those alleged in the information. This evidence is introduced for the purpose of proving the disposition and tendency of the defendant to commit acts such as those alleged in the information and relied upon by the prosecution, and such evidence is not introduced to prove distinct offenses, but as corroborative evidence tending to support the one specific offense for which the defendant is being tried."

The giving of this instruction was not erroneous. It expressly states that the defendant was upon trial for the alleged acts set forth in the information and claimed to have occurred on or about June 21, 1918, and that evidence of similar acts or conduct of the defendant was admitted for the purpose as stated in said instruction and not for the purpose of proving distinct offenses. The instruction is substantially in the same language as the instruction that was sustained in *People* v. *Gasser*, 34 Cal. App. 541, 544, [168 Pac. 157].

[3] Instruction No. 9, which defendant claims to be erroneous, was to the effect that even though it may appear that the said Bessie Robertson had been leading a lewd or immoral life before the alleged offense charged in the information, that fact alone would not warrant a verdict of acquittal. This instruction contains a correct statement of the law and finds ample support in *People* v. *Hanford*, 35 Cal. App. 800, [171 Pac. 112]. In that case the defendant was convicted of the crime of violating section 21 of the juvenile court law. The evidence showed that the defendant knowingly permitted the prosecuting witness to commit acts of prostitution in defendant's house, and encouraged the commission of the same. The court said: "It is no de-

fense that the prosecuting witness may have been leading an idle, dissolute and immoral life prior to and at the time she went to the house of the defendant. . . .

"Thus it is apparent that the juvenile court law not only denounces and condemns acts which tend to make a minor a prostitute, but also those which tend to cause one, already a prostitute, to remain a prostitute. In short, the clear purpose and intent of the statute is to reclaim the fallen as well as protect the virtuous."

[4] There was no error in the court instructing the jury: "That it is not necessary for you to find, in order to convict the defendant in this case, that any act or acts of said defendant charged in the information, if you find that he committed said acts or any of them, were the sole or entire cause of said Bessie Robertson leading or being in danger of leading an idle, dissolute, lewd, or immoral life, if you find that she was leading or was in danger of leading an idle, dissolute, lewd, or immoral life, but it is sufficient upon that point if you find that said act or acts or any of them, although not the sole or entire cause thereof, did tend to cause, or tend to encourage, or tend to induce the said Bessie Robertson to lead or become in danger of leading an idle, dissolute, lewd, or immoral life."

This instruction was proper as informing the jury that it was not necessary that the evidence should actually show that the alleged acts of defendant caused the prosecuting witness to lead an idle, dissolute, lewd, or immoral life, but that it was only necessary to show by the evidence that the alleged acts did *"tend"* to cause said prosecuting witness to lead an idle, dissolute, lewd or immoral life. Section 21 of the statute under which the defendant was convicted, among other things, provides, that: "Any person who shall commit any act or omit the performance of any duty, which act or omission causes or *tends* to cause or encourage any person under the age of twenty-one years to come within the provisions of any of subdivisions 1 to 13 inclusive of section one of this act, or, which act or omission contributes thereto, or any person who shall, by any act or omission, or by threats, or commands, or persuasion, induce or endeavor to induce any such person, under the age of twenty-one years, to do or to perform any act or to follow any course of conduct, or to so live as would cause or manifestly *tend* to

cause any such person to become or to remain a person coming within the provisions of any of subdivisions 1 to 13 inclusive of section one of this act, shall be guilty of a misdemeanor. . . . '' (Stats. 1915, p. 1246; *People* v. *Hanford*, 35 Cal. App. 799, 800, [171 Pac. 112].)

The final contention of the defendant is that the evidence is insufficient to support the verdict. The evidence produced by the prosecution is ample and sufficient to establish the crime charged. The defendant in his testimony denies absolutely that he committed the act charged against him. The most that can be said is that thereby a conflict in the evidence was created. His own story undoubtedly exculpates him, but it was for the jury to say whether or not that story should be believed. (*People* v. *Rongo*, 169 Cal. 71, 75, [145 Pac. 1017].)

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.