### KALIN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.   October 31, 1924.)

No. 4247.

**1. Bankruptcy ⬤⇒485—Trustee's demand on bankrupt not essential element of crime of concealment of assets.**

Trustee's demand on bankrupt *held* not essential element of offense of fraudulent concealment from trustee of assets, under Bankruptcy Act, § 29b (Comp. St. § 9613); concealment constituting crime, regardless of whether preceded by demand.

**2. Bankruptcy ⬤⇒494—Variance between allegation as to demand for assets by trustee and proof showing demand as receiver held not fatal, in prosecution for concealment of assets.**

In prosecution of bankrupts for concealment of assets from trustee, under Bankruptcy Act, § 29b (Comp. St. § 9613), variance between allegation of demand on bankrupts by trustee after his appointment as such, and proof of demand while receiver, prior to appointment as trustee, *held* not fatal, under Comp. St. Ann. Supp. 1919, § 1246.

**3. Bankruptcy ⬤⇒485—Use of concealed assets for benefit of preferred creditor does not purge act of criminality.**

That bankrupt, concealing property belonging to estate from trustee, uses concealed property wholly or partly for benefit of preferred creditor or some one else, does not purge act of criminality.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Louis Kalin and Louis Stein were convicted of fraudulently concealing assets from their trustee in bankruptcy, and they bring error. Affirmed.

L. W. Branch and Russell Snow, both of Quitman, Ga. (R. G. Dickerson, Jr., of Valdosta, Ga., and Branch & Snow, of Quitman, Ga., on the brief), for plaintiffs in error.

B. S. Deaver, Asst. U. S. Atty., of Macon, Ga.

Before WALKER, BRYAN and KING, Circuit Judges.

WALKER, Circuit Judge.   [1, 2] The plaintiffs in error were convicted under a count of the indictment charging that they did, while bankrupts, unlawfully, willfully, knowingly, and fraudulently conceal from H. C. Morgan, their trustee in bankruptcy, a stated sum of money belonging to their estate in bankruptcy.   Bankruptcy Act, § 29b (Comp. St. § 9613).   The refusal of the court to direct a verdict of not guilty is complained of on the ground that there was an absence of evidence to sustain an averment of the count that H. C. Morgan, as trustee of said estate in bankruptcy, did

make demand upon the accused for all property belonging to said estate in bankruptcy. There was evidence tending to prove that H. C. Morgan, after he was appointed receiver of said estate, but prior to his appointment as trustee thereof, made such a demand as was alleged.   The allegation as to the making of a demand was surplusage, as the concealment alleged constituted the offense denounced by the statute, whether it was or was not preceded by the making of a demand upon the accused.   We are not of opinion that the allegation as to the making of a demand properly can be regarded as descriptive of the concealment charged. Averments of the count are to the effect that the concealment charged followed the making of the demand alleged.

Furthermore, the variance between the allegation of a demand by H. C. Morgan, as trustee of the estate in bankruptcy, and the proof that such demand was made by the same person as receiver of the same estate in bankruptcy, cannot well be regarded as a material one, especially where both the allegation and the proof were in regard to an immaterial matter.   Under the circumstances disclosed, the accused could not have been misled by the allegation as to the making of a demand upon them prior to their alleged criminal misconduct, and none of their substantial rights could have been affected by the action of the court in submitting to the jury evidence which tended to prove the guilt of the accused of the offense charged, but which did not include proof supporting an allegation of the immaterial fact of the making of a demand on the accused prior to their commission of such offense.   If the ruling in question involved error, the error was not one warranting a reversal of the judgment, as it did not affect the substantial rights of the parties.   40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246).

[3] The following part of the court's charge to the jury is assigned as error: "Now, I charge you that, in order to constitute a fraudulent concealment, it is not necessary that the money should be retained for their own use for any indefinite or definite time, but if they knowingly and if they fraudulently kept away from their trustee in bankruptcy any of their assets and used it for the purpose of their own benefit or for the purpose of benefiting some other person, not merely paying a creditor as against another in anticipation of bankruptcy, but if they fraudulently concealed from the trustee in bankruptcy the fact of having

the assets and the assets themselves and used it either for their own benefit or for some one whom they selected to prefer or to be a beneficiary of it, they would be guilty in either event."

The above-quoted instruction was not erroneous. The criminality involved in one knowingly and fraudulently concealing while a bankrupt from his trustee property belonging to his estate in bankruptcy is not purged by his using the whole or part of the concealed property for the benefit of a preferred creditor or some one else. Corenman v. United States, 188 F. 424, 110 C. C. A. 341.

The judgment is affirmed.