## UNITED STATES v. WEINBREN et al.

### No. 312.

Circuit Court of Appeals, Second Circuit.

July 7, 1941.

Brower, Brill & Tompkins, of New York City (Bernard Tompkins and Theodore Ness, both of New York City, of counsel), for appellant Weinbren.

Edward T. Beldegreen, of New York City (D. S. Romanov, of New York City, of counsel), for appellant Rosenfeld.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellants were tried in the District Court for the Eastern District of New York on an indictment charging in one count that they concealed assets from a trustee in bankruptcy in violation of 11 U.S.C.A. § 52, sub. b(1) and in another count that they conspired so to do contrary to the provisions of 18 U.S.C.A. § 88. They were convicted on both counts and were sentenced to imprisonment on each; the sentences to run concurrently. Relying upon contentions of an insufficiency of the government's evidence to support the indictment and of errors committed during the trial, the appellants now seek a reversal of the judgment.

The evidence clearly gave the jury the right to find that appellant Weinbren had been president and appellant Rosenfeld the general manager of Exquisite Shops, Inc., a corporation which operated a retail dress store on Flatbush Ave., near Albemarle Road in Brooklyn, N. Y., from the time it was organized with a capital of $5,500 some time in February, 1937, throughout its existence and that each owned a one-half interest in it; that the business of Exquisite Shops, Inc., was not financially successful and that in November, 1937, if not before, larger purchases of merchandise on credit were made than would ordinarily have been expected then in that business; that in December, 1937, the corporation's liquid assets were insufficient to meet the current demands of creditors, and appellant Rosenfeld consulted attorneys regarding the making of an effort to arrange for a settlement with creditors. These attorneys then notified creditors of a meeting to be held at their offices on December 13, 1937. The day before the proposed meeting was spent by the appellants, with the son of appellant Weinbren, in the store of the corporation ostensibly taking an inventory and getting information desired by the attorneys for use at the meeting of creditors.

When appellant Rosenfeld went to the store on the morning of December 13th the front door could not be opened from the outside and he got in by calling the janitor, who, with the aid of a stepladder, succeeded in reaching through a transom over the door to open it from the inside. The store had been looted and Rosenfeld called it a robbery which the janitor reported to the police. The investigation by the police disclosed, according to statements appellants made to them, that merchandise of the value of about $8,000 had been taken from the store and of which no trace was ever found. The police also discovered that the rear door had been forced open from the inside and that there were marks on the inside of the transom over the front door tending to show that the "burglary" was an inside job intended as a cover for the removal otherwise of the goods. Neither of the appellants appeared at the creditors' meeting called for that day and on the following day an involuntary petition in bankruptcy was filed against Exquisite Shops, Inc. It was adjudicated a bankrupt on January 7, 1938, and on February 28, 1938, a trustee was elected and qualified. He was not shown to have had anything to do with either of these appellants who were in Miami, Fla., a few weeks after the removal of the goods from the store, where one of them had about $900 in cash and some jewelry.

Such inconsistencies and contradictions as there were in the evidence were only of the kind often present in a jury trial and, having been resolved adversely to the appellants by the jury, are of no particular moment now. Appellants do, however, point out one claimed failure in essential proof which does require notice. Neither count in the indictment covers more than (1) the concealment or (2) the conspiracy to conceal the assets of a bankrupt from the trustee. There is no allegation of any concealment of, or agreement to conceal, the assets of a bankrupt in contemplation of bankruptcy as was the situation we had in United States v. Knickerbocker Fur Coat Co., 66 F.2d 388, where we held that proof of a violation of 11 U.S.C.A. §

52(b) (6) did not necessarily involve proof of an intended concealment from an officer of the court. Here the only concealment alleged being from a named officer of the court, proof of an intent so to conceal was necessary and the appellants have argued that it was not produced, in that when the goods were removed from the bankrupt's premises no bankruptcy petition had been filed and there was no trustee in bankruptcy from which there could be any concealment of assets. Speaking as of the actual time of the removal this, of course, is so. But if the jury found, as well it might, that these appellants, knowing that the bankruptcy of Exquisite Shops, Inc., was soon to follow, conceived and brought about the secret removal of assets from the store; that in so doing they caused marks to be made to give the false impression that a burglary had been committed; and that their real purpose was to convert the goods permanently and fraudulently to their own uses; and to that end to conceal them from whomsoever necessary to accomplish their purpose, a finding that concealment from the trustee in bankruptcy was deliberately planned and carried out was justified.

The appellants were the ones who were bound to lose their investment in the corporation if its assets were distributed as the bankruptcy laws required. That alone proved no part of the charges against the appellants but there was also evidence of the kind of doings which often precede a fraudulent bankruptcy. There were the piling up of an overstock of goods bought on credit when the rather new business venture was proving unsuccessful; the tentative effort to make a compromise settlement with creditors; and then the "burglary" occurring on the night after the appellants worked in the store apparently to get information for the bankrupt's attorneys to use the very next day in their attempt to secure a compromise. Couple that with the evidence that both appellants were soon in Florida where one of them had a sizable amount of cash; that the marks found in the store were not what would be expected to result from an actual break from the outside; and the fact that when they made off as they did, creditors were left in the lurch, and no fair minded jury of reasonable intelligence could have failed to be satisfied beyond a reasonable doubt that appellants did bring about a faked burglary, when the bankruptcy of the corporation was in the offing, for the purpose of concealing a large part of the bank-

rupt's assets. This fraud once proved to have been committed by them left no doubt of their intent to conceal the fruits of it from the bankruptcy trustee they expected would be elected in due course and their conviction should stand unless there was reversible error in making such proof at the trial.

■ During the trial, detective Gray, who had investigated after the janitor had reported the "burglary", testified concerning the facts he discovered. Upon cross-examination he was asked about a written report he had made in the course of his work and which he had read over on the day before he testified. Counsel for one of the appellants asked to see the report, but the court declined so to order. A little later the district attorney complied with defense counsel's request and turned the report over to him. The court warned counsel that use of it in cross-examination might make it admissible in evidence. Counsel replied that he might offer it in evidence and then did offer what was called a complaint report. It was admitted as Defendant's Exhibit A and showed that a complainant named Weinbren had reported that some unknown person had "forced a transom leading from the street to her dress shop" and had stolen a quantity of dresses. It also contained this statement: "Unable to furnish a complete list, at this time, same will follow on D. D. No. 5." The officer made two supplementary complaint reports of the kind designated D. D. No. 5 to amplify his first report admitted as Defendant's Exhibit A. On redirect examination they were identified as three blue sheets "which are also a part of the file of which Defendant's Exhibit A is a part and has been offered in evidence." These sheets were received over objection; the court then saying, "Of course, the jury will understand that those reports are not in and of themselves evidence. They simply show what this man did report at the time. He has been interrogated about them, and, therefore, they are evidence. They do not prove themselves. What he says here under cross examination is what counts." Although the so-called D. D. No. 5 blue sheets were supplementary reports filed later than the part of the report put in evidence by the defense they were part of the officer's report of his investigation of the claimed burglary. As the defense had made what the officer reported the subject of cross-examination to test his credibility as a witness and had

introduced part of his report, it was not error to permit the remainder of the report to go to the jury, in the limited manner the court did, in order that the jury might determine for itself whether the report as a whole did adversely affect the veracity of the witness. Missisquoi Bank v. Evarts, 45 Vt. 293; People v. Hanford, 35 Cal. App. 799, 171 P. 112. Nor was it error to receive in evidence a chart properly identified by the witness who made it as a graphic illustration of what the bankrupt's books showed as to how the amounts of purchases in dollars and the amounts of bank deposits varied from month to month while the bankrupt was in business. And other claimed errors are too clearly without merit to be worthy of discussion.

Affirmed.