## UNITED STATES v. AGRESTI.

### No. 301.

Circuit Court of Appeals, Second Circuit.

July 17, 1942.

Russell, Shevlin & Russell, of New York City (Franklin F. Russell, Karl G. Kolish and Peter R. Dorsey, all of New York City, of counsel), for appellant.

Vine H. Smith and Harold M. Kennedy, U. S. Atty., both of Brooklyn, N. Y., for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a judgment of conviction against a bankrupt for concealing his assets from his trustee. (§ 29, sub. b(1), of the Bankruptcy Act, 11 U.S.C.A. § 52, sub. b(1).) There was evidence from which a jury might have found the following facts. During the year 1937, the defendant, Agresti, did a small grocery business in Brooklyn, using the name Alfonso Marrone because his own credit was bad. All the property in the shop was his; he signed a lease for the premises and two applications for electricity. One Alfonso Marrone, a barber, was a cousin of Agresti; he allowed Agresti to use his name in the business but he had no actual part in its conduct. (Agresti swore that he had had a very active part, but the jury were free to believe Marrone.) By the autumn of 1937 the business had become unsuccessful and on November 3d four creditors filed an involuntary petition for the adjudication of an alleged bankrupt, described as Alfonso Marrone. On that day a subpoena was issued in the name of Marrone, which was returned without being served on the 13th; on that day an alias subpoena was issued, which in its turn was returned on the 19th also without being served. Thereupon on December 3d the court ordered service by publication under § 18, sub. a, and on December 20th Marrone consented to be adjudicated and an adjudication was entered against him on December 24th. The judge had appointed one Grimaldi a receiver on November 4th; he took possession of the premises on the 5th, and the creditors later elected him trustee. Marrone was subpoenaed to appear at the first meeting of creditors, he did so and at Agresti's instigation he swore that he was the bankrupt. Agresti at no time appeared in the proceeding nor was he served. On August 8, 1939, the referee closed the estate and discharged the trustee.

Late in October, 1937, Agresti had removed a large part of the contents of the shop in a truck and concealed or disposed of it. Of the four petitioning creditors one, Goodman, knew Agresti by that name, but Agresti told him he was doing business under the name Marrone, and Goodman dealt with him under it. A second of the petitioning creditors, Kirsch, dealt with him supposing his name to be Marrone. The landlord, Christiano, supposed so too. It does not appear except by inference with whom the other two petitioning creditors dealt—except as Agresti did all the business—or whether they knew Marrone. The judge left it to the jury to say whether the petitioners "filed the petition against this defendant on trial under the name of Marrone"; if they did, "he would be the bankrupt," because it made no difference that they sued him by the wrong name. Agresti had been previously indicted along with Marrone for concealing the same assets from Marrone's trustee. When that indictment came on for trial the judge dismissed it upon the prosecution's opening because it appeared that the property concealed had belonged to Agresti, and § 29, sub. b(1) only punished the concealment of the bankrupt's property. Agresti now argues that he was never adjudicated a bankrupt but that Marrone was; and that for this reason the charge was not proved. He argues further that if this is not true, to convict him under this indictment will be to convict him of the same crime of which he was acquitted in the first prosecution.

Section 4, sub. b, provides that "any natural person * * * may be adjudged an involuntary bankrupt upon default or an impartial trial"; § 18, sub. a, provides for personal service or service by publication against an alleged bankrupt. As Agresti did not appear and was not served personally, the validity of the adjudication against him depended upon whether publication under the name Marrone was good service against him; we will assume arguendo that it was not good service. Marrone's appearance was not for Agresti; indeed it was intended to throw the creditors off Agresti's scent by making it appear that the proceeding was against Marrone. Nevertheless, the jury necessarily found that the petitioners meant to proceed against Agresti when, following the judge's charge, they found that Agresti was the bankrupt. There was ample evidence to support that finding; indeed unless Agresti's testimony was believed, no other conclusion was possible. Therefore, at worst a petition was pending to adjudicate Agresti, under which a receiver was appointed who took possession of Agresti's property. This was "property belonging to the estate of a bankrupt" because under § 1(4) the word "bankrupt" includes a person against whom an involuntary petition has been filed. When the creditors elected that receiver as their trustee, the appointment may have been a nullity—depending again upon the sufficiency of the publication—but, even if so, the receiver remained a receiver in possession. Section 29, sub. b(1) makes it a crime to conceal assets "belonging to the estate of a bankrupt" from a receiver as well as from a trustee; and the evidence was ample to support the verdict that Agresti concealed his property. The fact that the creditors went on with the proceeding after Marrone appeared and that Marrone was examined as the bankrupt, was evidence, though not conclusive evidence, of their intent to file against him; but it was no more. Therefore the evidence brought Agresti within the terms of § 29, sub. b(1).

This dispenses with any question of second jeopardy because the first indictment charged Agresti with concealing Marrone's property from Marrone's trustee, and this indictment is for concealing Agresti's property from his own trustee; these were two separate crimes. It is true that there was a variance if Agresti was never served; for the indictment charged that, having been adjudicated a bankrupt, he concealed his property from his trustee, and the proof would then be that, never having been adjudicated, he concealed it from his receiver. That was however obviously an immaterial variance which could and should be disregarded under § 391 of Title 28 U.S.C.A. Berger v. United States, 295 U.S. 78, 81–84, 55 S. Ct. 629, 79 L.Ed. 1314; Kalin v. United States, 5 Cir., 2 F.2d 58; Meyers v. United States, 2 Cir., 3 F.2d 379; Bimbo v. United States, 65 App.D.C. 246, 82 F.2d 852, 855.

Conviction affirmed.