**UNITED STATES v. LO BIONDO et al.**

No. 220.

Circuit Court of Appeals, Second Circuit.

April 22, 1943.

---

George J. Todaro, of New York City, for appellant.

Mathias F. Correa, U. S. Atty., of New York City (Winston H. Pickett, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

■ The appellant contends that the evidence was insufficient to sustain the jury's verdict that he was guilty of "wilfully and knowingly" possessing the unstamped cans of alcohol. At the time of his arrest he was carrying two of the five-gallon cans along the hallway of a building in front of which Lo Biondo, a co-defendant who pleaded guilty, was stowing similar cans in an automobile. Four other cans were on the floor of the hall and four more had already been put into the car. The cans were so wrapped in paper that no one could see without removing the wrappings whether they bore tax stamps. Though others fled from the scene when the officer approached, the appellant made no attempt to escape. His story when arrested was that he lived in a room in the building and that an unknown stranger, whom he met in the hall, had asked him to help move the packages and promised to pay him something for so doing. He could give no adequate description of the stranger. The court left to the jury the question whether the appellant's possession was innocent or with knowledge. We think that the evidence was sufficient to take the case to the jury and that its verdict should stand if the trial was conducted without error. See Wheeler v. United States, 5 Cir., 80 F.2d 678, 679; United States v. Sebo, 7 Cir., 101 F.2d 889, 891.

■■ But the second contention claims error in the charge. While the appellant and Lo Biondo were en route to the police station in an automobile, detective Duffy said to them, "Haven't you fellows stopped bootlegging yet?" To this Lo Biondo replied, "What can you do about it?" The appellant said nothing. No objection was taken to the admission of Duffy's testimony as to this conversation, but at the conclusion of the court's charge counsel for the appellant asked for an instruction "that though Duffy testified Lo Biondo made some comment to the query about getting out of bootlegging and that De Christino kept silent, the jury should not consider it an indication of guilt or innocence." Thereupon the court said: "The jury may consider that as a circumstance. When he had liberty to speak, he didn't speak. That is a circumstance which they may consider." To this counsel excepted. The detective's question was in essence an accusation that appellant and Lo Biondo had previously been, and still were, engaged in bootlegging. The court's charge amounted to telling the jury that the appellant's silence in the face of such charge could be considered as an admission of its truth. If his silence amounted to an admission that he was still engaged in bootlegging, the inference that he knew the cans of alcohol to be unstamped was almost inevitable. We cannot doubt, therefore, that the charge had an important influence on the verdict. Nor do we doubt that the charge as given was correct, if the evidence as to the arresting officer's question and the appellant's silence was properly in the case. But we do not think it was. It has frequently been held that one under arrest or in custody, charged with crime, is under no duty to make any statement · concerning the crime, and statements tending to im-

132

plicate him made in his presence by others, although not denied by him, are not admissible against him. Yep v. United States, 10 Cir., 83 F.2d 41, and cases therein cited. As was said in McCarthy v. United States, 6 Cir., 25 F.2d 298, 299, "to draw a derogatory inference from mere silence is to compel the respondent to testify; and the customary formula of warning should be changed, and the respondent should be told, 'If you say anything, it will be used against you; if you do not say anything, that will be used against you.'" Whether under special circumstances the rule of non-admissibility may be relaxed, as suggested in Wigmore, Evidence, 3rd Ed. § 1072, we need not now determine, for no circumstances justifying its relaxation in the case at bar are apparent. It is true that Duffy's testimony was received without objection and no formal motion was made by the appellant to strike it out. But the requested charge that "the jury should not consider it an indication of guilt or innocence" was equivalent to a motion to strike. Viewed in that light the requested charge should have been given. Instead the jury was permitted to use to incriminate the appellant his failure to reply to the arresting officer's question. The judgment is reversed and the cause remanded for a new trial.