# UNITED STATES v. WODISKA.
## No. 198.

Circuit Court of Appeals, Second Circuit.
Jan. 29, 1945.

Stone & Perlman, of New York City (Louis Stone, of New York City, of counsel), for appellant.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Mario Pittoni, Asst. U. S. Attys., both of Brooklyn, N.Y., of counsel), for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellant was convicted and sentenced on an indictment charging concealment of assets from a trustee in bankruptcy in violation of § 29, sub. b (1), of the Bankruptcy Act, 11 U.S.C.A. § 52, sub. b (1).

The bankrupts were Robert M. Kozoroff and the appellant, partners formerly doing business within the Eastern District of New York as K. & S. Wholesale Grocery Company. The interest of Kozoroff was the dominant one in the partnership, the appellant owning but a comparatively small part of the business at the time of the bankruptcy. On May 6, 1942, the partnership property was attached in a suit brought by a creditor and on the next day a voluntary assignment for the benefit of creditors was made. On June 12, 1942, an involuntary petition in bankruptcy was filed and on July 21, 1942, a trustee duly qualified. The concealment of assets was from this trustee and was proved in the following way.

It appeared that the partnership had a checking account in a bank in which it deposited its receipts by check only when checks were drawn by the government or by someone else of such financial standing that the bank would accept them for immediate

credit and not for collection merely. Other checks were cashed by concerns in that business to whom fees for so doing were paid, and then in the usual course the proceeds were deposited in the checking account.

At the end of each day's business it was customary for the bookkeeper to separate the checks received into two groups, one to be deposited in the bank and one to be cashed and the proceeds deposited. Appellant acted principally as one of the salesmen, but in addition he took some checks practically every night when he went home and had them cashed by a check-cashing company in Long Island City where he lived. He would then bring in the proceeds the next morning and give them to the bookkeeper.

So far as appears the appellant thus disposed of the proceeds of all the checks he cashed until April 30, 1942. By that time the business was in serious financial straits and checks which had been drawn to pay for goods purchased were being dishonored by the bank. From then until the above-mentioned suit was brought by a creditor on May 6th, part of the proceeds of checks cashed by the appellant was not deposited in the checking account. There was evidence from which the jury could have found that the amount not deposited was $1,322.74. The appellant attempted to, and for present purposes we shall assume did, account for part of this by showing that he turned it over to the bookkeeper, who used it to pay bills. We shall also assume that he accounted satisfactorily for an additional part of it used to take up checks which had been dishonored at the bank, to pay the salary of an employee and to pay his own salary. When so much is deducted from the $1,322.74 there remains $498.13, which he testified he used to pay bills of the partnership, to take up dishonored checks, and to pay his living expenses during the time before the appointment of the trustee. His testimony was uncorroborated and it is obvious that the jury did not believe him, as well it might not believe such evidence from a party so interested. United States v. Marino, 2 Cir., 141 F.2d 771; United States v. LoBiondo, 2 Cir., 135 F.2d 130. Consequently, it is to be taken as established that so much of what the appellant received was retained by him.

 The important question presented is whether the evidence was sufficient to enable the jury to find that he knowingly and fraudulently concealed that cash from the trustee in bankruptcy. Evidence was needed from which it was reasonable to draw that inference. We think there was such evidence. With the affairs of the partnership shown to have been in such financial condition that cash which the appellant would ordinarily have turned in for deposit on the day he received it from the check-casher was retained by him at least to prevent its getting as near the reach of creditors as it would have been in the checking account, it was but a short step to the inference that he also retained that part for which he made no satisfactory accounting until after the appointment of the trustee in bankruptcy and that he willfully concealed it from him. See, United States v. Olweiss, 2 Cir., 138 F.2d 798, and United States v. Weinbren, 2 Cir., 121 F.2d 826. It was unnecessary to show that the trustee ever demanded the money of the appellant. Douchan v. United States, 6 Cir., 136 F.2d 144.

 Count II of the indictment, on which alone the case was submitted to the jury, was sufficient in that it gave the appellant fair notice of the crime with which he was charged and enabled him to prepare his defense and to plead the judgment as a bar to any future prosecution for the same offense. Nor was it demurrable because it charged the crime substantially in the words of the statute. United States v. Achtner, 2 Cir., 144 F.2d 49. The point which the appellant attempts to make as to a fatal variance between the indictment and the proof is too trivial to merit discussion. It is merely that the concealment of $20,000 was alleged while the concealment of a much smaller amount was proved.

 Nor was there any error in the charge. The only exception taken was to that part in which the jury was told that assets belonging to the estate included money owed to it. That is, of course, correct as a general proposition, and while there was no allegation in the indictment of the concealment of money owed as such, it is impossible to understand how the appellant could have been prejudiced by such a definition of assets. The complaint that the charge was erroneous in that parts of it with which the appellant's attorney was apparently satisfied at the time it was delivered were misleading and prejudicial to the defendant amounts to nothing but a belated

attempt to take a general exception to the charge as a whole. As to that no more need be said than that we find no plain error to be noticed.

Judgment affirmed.