**GROBELNY v. W. T. COWAN, Inc.**

**No. 30.**

Circuit Court of Appeals, Second Circuit.

Nov. 27, 1945.

Robert E. Curran, of New York City, for plaintiff-appellee.

Phillips & Ahearn, of New York City (J. Austin Lyons and Clarence S. Zipp, both of New York City, of counsel), for defendant-appellant.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The defendant in a suit brought in the District Court for the Southern District of New York to recover for personal injuries sustained by the plaintiff in an automobile accident has appealed from a

judgment for the plaintiff entered on a jury's verdict. Jurisdiction based on diversity of citizenship was adequately alleged and proved. Claimed errors in the trial are relied on for reversal.

The plaintiff, the hired driver of a heavy tractor and trailer owned by his employer, left Philadelphia on a regular trip at four o'clock in the morning one day in March 1944 with a load to be delivered in New York. About seven o'clock that morning when he was on what is called the Pulaski Skyway on Route 25 near the Newark Airport he had nearly, or quite, stopped in the highway because the traffic ahead was congested when another heavy tractor and trailer, also loaded, which was owned by the defendant and driven by its employee ran into the rear of the plaintiff's trailer. The plaintiff was then in the cab of his tractor and his head and back were injured when he was thrown about by the shock from the collision. He was at first somewhat stunned and was taken to a hospital in Newark, N. J., where he remained for a day, after which he went to his home in Philadelphia and received medical treatment until he was able to return to work.

The only witnesses who testified concerning the circumstances under which the accident occurred were the plaintiff and the defendant's driver. Their testimony was in some respects conflicting but the jury evidently believed the plaintiff's version of what happened and in so doing could have found that the plaintiff had stopped in the highway because something had happened ahead to cause some fifty cars in front of him to stop and that when he did so the road behind him was clear of vehicles for as much as a thousand feet; and that while he was sitting in the cab of his tractor waiting for a chance to go ahead the defendant's tractor was negligently driven violently against his trailer, with such force that he was hurt as above stated. His medical evidence was also to the effect that one bone in his spine was broken but that was squarely contradicted by the medical evidence introduced by the defendant.

It was undisputed that the plaintiff had been unable to work after the accident until May 6th 1944, when he began to drive the tractor and trailer between Philadelphia and New York as he had before and continued to make from three to five round trips a week until November 4th. Then his tractor had to be laid up for a while

for repairs and his employer asked him to drive a truck which carried the load without a trailer. The plaintiff declined to do that because it steered so hard that he feared the work would be harmful to his injured back. Not long afterwards he was discharged and one of the disputed issues was whether he lost his job because of the accident. It was undisputed that he was subsequently employed to do other work at lower pay and his loss of earning power thus shown was one of the elements of damage for which he was allowed to recover.

In his colloquial charge, the judge told the jury that, "Testimony has been given here, or he (the plaintiff) claimed, that he lost his job because he would not go out on a straight truck which was harder to steer than the tractor which he had been operating for a number of years. The testimony of whether or not the straight truck is harder to steer than the tractor is not contradicted. Did he lose his job because he could not operate a straight truck? Had the accident anything to do with his losing his job? The testimony is to some extent contradicted. Those things are for you to think about." The defendant requested the court to charge that the jury could not guess or speculate why the plaintiff lost his job and that "there is no evidence to justify a finding that it was because of his injury and resulting disability." The judge did not charge as requested but told the jury, "I think I will leave that question for your determination upon the evidence you have heard."

We find no error in this respect. The plaintiff was discharged after he refused to drive the so-called straight truck. That was the direct cause of his discharge. If the jury believed his reason for refusing was, as he testified, that the injury to his back made it so weak that he could not do that kind of work without additional physical injury, a finding that the accident was the cause of his discharge was in accordance with the evidence and not mere speculation.

There is even less substance to the appellant's complaint that the judge commented, when referring in his charge to the testimony of the plaintiff that his back was sore after the accident and that when he bent over and straightened up he felt pain, that, "There does not seem to be any

testimony here that the man is a faker." The issues as to the extent of the plaintiff's injuries and as to his credibility as a witness were fully and clearly submitted to the jury, without any restriction upon its freedom to decide both as it determined the evidence required. What the judge said was well within the rule of fair comment on the evidence which obtains in federal courts. Vicksburg & M. R. Co. v. Putnam, 118 U.S. 545, 7 S.Ct. 1, 30 L.Ed. 257.

The medical expert who testified in behalf of the plaintiff was not one of the doctors who had treated him for his injuries but one who examined him solely to determine the extent and probable duration of his disability due to the accident. This doctor had made a report of his examination to the plaintiff's attorney. It was in three parts entitled respectively "History", "Physical Examination" and "Opinion." He was asked about the report upon cross-examination. The defendant's attorney asked to see it and was given a copy of it from which he made further inquiries of the doctor. He then offered in evidence that part of the report entitled "Physical Examination" and it was received and read to the jury as follows: "The man is seemingly in fair general health. Examination of the head and scalp reveals no objective signs of injury or abnormality. There is no evidence of organic nerve disease or functional neurosis. Examination of the back discloses no objective signs of injury or abnormality. There is no limitation of motion in the spine, but he complains, however, of moderate discomfort on bending and straight leg raising is mildly positive, particularly upon the right side. Radiographs which I have taken of the lumbar sacral spine disclose what appears to be a healed transverse fracture through about the center of the right transverse process of the third lumbar region. Condition is satisfactory and radiographically there is good callus formation." Later in the trial the plaintiff offered the entire report in evidence and it was received, over the objection of the defendant that it was "self-serving, incompetent, irrelevant and immaterial," as the remainder of a document of which the defendant had already introduced a part in evidence.

 The general rule is that self-serving statements are not admissible when made to a doctor who is not called to treat a party to a law suit as a patient but only to examine him to determine his condition without an attempt to treat or cure. There is then no incentive to speak truly in order to give the doctor a true basis for diagnosis to enable him to prescribe the proper medical treatment and there may be some inducement to distort facts for the purpose of a trial if one is in the offing. Davidson v. Cornell, 132 N.Y. 228, 30 N.E. 573; Chicago Railways Co. v. Kramer, 7 Cir., 234 F. 245. Though the appellant relies upon this principle to show that the admission of the remainder of the report was reversible error we need not now consider the exceptions to the general rule above stated or whether this report falls within them. The trial judge's reason for admitting the remainder when the appellee offered it is a sufficient justification of his ruling. When one party offers a portion of a writing his opponent may introduce the remainder provided it is not irrelevant to the issues on trial, and is explanatory as an aid to a proper understanding of what has already been received. 7 Wigmore, 3rd ed. 1940, § 2113. Cf. United States v. Weinbren, 2 Cir., 121 F.2d 826.

The remainder of the report read as follows:

"This examination was made in my office, at 10:30 on the morning of January 3, 1945. The man examined gives me his name as Roman Grobelny. He resides at 164 West Thompson St., Philadelphia, Pa., is 42, married, and a truck driver.

"History. He tells me that on March 14, 1944, he was seated in his truck, which was stationary on route 25, near Newark, N. J., when another truck collided with the rear end of his truck. He was thrown out injuring he indicates his head and the lumbar region of his spine. Following this he was dazed; was taken by ambulance he thinks to St. James Hospital in Newark where he remained 1 day. He then went to his home in Philadelphia and received further treatment from his own physician until about May 5, when he resumed work. He states he had to stop off and on and early in November he states he had to stop entirely because his back still pained him."

The part of the report which the defendant introduced then followed and it was in turn followed by the remainder reading:

"Opinion:

"I believe this man has recovered from what appears to have been a contusion of the scalp with apparently some symptons of intra-cranial discomfort, and is recovering from a contusion and what appears to have been a simple fracture of the right transverse process of the 3rd lumbar vertebra.

"I think the radiographic findings would account for the persistence of his complaints and I think in all probabilities this is the cause of moderate discomfort and possibly a little weakness in the back still, particularly if he has to do much bending and lifting. I think such symptoms possibly may persist for several months still and will partially disable him. Ultimately I believe he should make a satisfactory recovery."

This is all clearly relevant and does tend to make more understandable the basis of that part of the report designated "Physical Examination" which the appellant had already put before the jury. It enabled the latter to appraise that in the light of the circumstances under which the doctor reached his conclusions as to the physical condition of the plaintiff and to perceive the significance of those conclusions in relation to any impairment of the plaintiff's health and ability to perform reumunerative work because of the injuries he received in the collision.

Affirmed.