**Leonard W. GUNZBURG, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

**No. 18727.**

United States Court of Appeals
Fifth Circuit.

Jan. 12, 1962.

Rehearing Denied Feb. 22, 1962.

F. Irvin Dymond, New Orleans, La., for appellant.

Francis G. Weller, Asst. U. S. Atty., M. Hepburn Many, U. S. Atty., New Orleans, La., for appellee.

Before TUTTLE, Chief Judge, POPE* and GEWIN, Circuit Judges.

TUTTLE, Chief Judge.

Appellant, Leonard W. Gunzburg, was convicted of the offense of concealing assets from his trustee in bankruptcy. The primary question on this appeal is whether the evidence was sufficient to warrant submission of the case to the jury and, if so, whether it supports the jury's verdict.

For some time prior to March 31, 1958, appellant owned and operated a jewelry business in New Orleans, Louisiana, under the name of "Manners Jewelers." On March 31, 1958, he filed a voluntary petition in bankruptcy, and he was adjudicated a bankrupt on the same date. Ingard Johannesen was qualified as receiver in bankruptcy on April 18, 1958, and on May 23, 1958, Johannesen qualified as trustee in bankruptcy.

The entire stock of Manners Jewelers was ostensibly auctioned off on June 11, 1958. Prior to that date, the stock had been examined by appraisers, the trustee, jewelry salesmen and other diamond merchants. Approximately 90% of the stock was sold at the auction to a corporation which had been formed by appellant's half-sister and two other parties not related to appellant. This corporation continued to operate the jewelry business at the same location under the name of "Manners Jewelers, Incorporated." Appellant became manager for the store, although he owned no stock in the corporation.

In January 1960, Cecil Shelton, a jewelry salesman who sold large quantities of valuable watches and rings to Manners Jewelers before the bankruptcy, passed the store and allegedly discovered in the display window a number of these articles, none of which he recalled seeing among the stock offered at the auction. The items seen in the window by Shelton were seized by the Government, along with a number of other articles found among the stock in the store and among jewelry which had been pledged by appellant to another jewelry store as security for a loan. All told, appellant was charged with concealing 52 ring mountings, 6 ladies watches and approximately 280 rings, having an estimated total value of about $30,000.

Appellant claims that there was insufficient proof (1) that the contested items actually belonged to Manners Jewelers prior to the bankruptcy, or (2) that these items, assuming they were sold to Manners Jewelers prior to the bankruptcy, were not part of the inventory sold to the corporation at the auction sale.

■ As to the first contention, we think there was ample evidence to warrant a finding that the questioned jewelry was sold to appellant prior to the bankruptcy in March 1958. Cecil Shelton, who was the sole representative in the New Orleans area of the firms that manufactured these items of jewelry, positively identified them as items he had sold to Manners Jewelers before the bankruptcy. Indeed, Shelton was able to produce the pre-bankruptcy invoices listing every one of the contested items.

Shelton's identification of the jewelry was corroborated by the testimony of Bernard Simon of the Link-Simon Company. Simon identified the diamond ring settings as those which his company, through the Walter F. Bier Company represented by Shelton, had sold to Manners Jewelers before the bankruptcy.[1] Simon also produced pre-bankruptcy invoices listing the contested diamond ring settings.

---

* Of the Ninth Circuit, sitting by designation.

1. Appellant obtained the diamond rings by placing an order with the Walter F. Bier Company for the mountings and having the Bier Company obtain the settings from the Link-Simon Company, a loose-diamond house.

Appellant made an effort, apparently not credited by the jury, to prove that the jewelry allegedly concealed was not sold to him by Shelton but came into his possession when the corporation bought out the stock of several small jewelry concerns after the bankruptcy. Appellant produced the invoices representing these transactions, but was unable to establish that the items listed on these invoices corresponded to the items which he was charged with concealing. On the basis of the testimony of Shelton and Simon, we think the jury was entitled to find that the contested items were not among the stock purchased by the corporation after the bankruptcy, but that they were sold by Shelton to appellant prior to the bankruptcy.

The second prong of appellant's attack on the evidence is grounded on the theory that the Government's proof was not sufficient to preclude a finding that the contested items were sold at the auction as part of the layaway and repair stock. We think otherwise. Most of the layaway and repair items were sold to appellant's half-sister for $1,350. Apart from the obvious difficulty which the jury must have had in trying to believe that $30,000 worth of jewelry was sold at auction for only $1,350, the jury also heard from various witnesses who testified that they examined the layaway and repair stock prior to the sale and that they did not see the contested items among this stock. On this record, the jury was certainly justified in concluding that the contested items were not sold at the bankruptcy sale as part of the layaway and repair stock.

In addition to his contention that the evidence fails to support the jury's verdict, appellant claims that reversal is required because of a variance between the indictment and the proof. Subparagraph B of the count of the indictment on which appellant was convicted charged him with concealing 14 diamond ring mountings, which mountings, it was alleged, had been pledged to a certain jewelry store "on or about June 11, 1958." In support of subparagraph B, the Government offered in evidence a set of rings which had been pledged to the same jewelry store on January 28, 1960. Assuming, as appellant contends, that this constituted a variance and that the variance related "to the identity of the goods which appellant was called upon to account for," we are nevertheless satisfied that the variance did not prejudice appellant's substantial rights. Appellant was charged with concealing 52 ring mountings and numerous other items of jewelry. The variance related to only 14 of the ring mountings. As to all the other items, the proof corresponded with the allegations of the indictment and was sufficient, in itself, to support appellant's conviction for concealing assets from his trustee. Under these circumstances, the variance would not be grounds for reversing the conviction. United States v. Wodiska, 2nd Cir., 147 F.2d 38.

We have carefully examined the record and conclude that it is free of error. The judgment of the District Court is, therefore,

Affirmed.