**UNITED STATES of America,**

v.

**Albert COHEN and David Dubin, Defendants.**

United States District Court
S. D. New York.
July 12, 1965.

Robert M. Morgenthau, U. S. Atty., for S.D.N.Y., for the United States.

Lester Yudenfriend, New York City, for defendants.

CANNELLA, District Judge.

Motions by the defendants pursuant to Rules 7(f) and 16 of the Federal Rules of Criminal Procedure for a bill of particulars and for discovery and inspection, are denied.

The defendants are charged in a one count indictment with concealment of property and documents in Poughkeepsie's Carpetland, Inc. from the latter's trustee in bankruptcy. Poughkeepsie's Carpetland, Inc. was adjudicated a bankrupt in this district on May 18, 1963 and on June 7, 1963 Jacob W. Abraham was duly appointed as trustee in bankruptcy.

The defendants' motion for a bill of particulars contains four requests. Item 1 seeks the statement of the government as to "the specific items of property allegedly concealed by the defendants from the trustee in bankruptcy." The government's affidavit in opposition indicates that the books of the bankrupt for the period in question have not been located and thus the government does not have knowledge of the specific items of property concealed. Since the key factor here is the concealment of documents which would delineate the property secreted, no enumeration of items is required and the request is denied. See e. g. Kanner v. United States, 21 F.2d 285 (2d Cir.1927).

■ Item 2 seeks the value of the property alleged to have been concealed. Since no particular value need be proved at time of trial, this information is not necessary to the adequate preparation of the defense. See Kanner v. United States, supra. See also United States v. Wodiska, 147 F.2d 38 (2d Cir.1945).

■ Item 3 requests the dates on which the trustee demanded the books and records of the bankrupt corporation. Such a demand is not one of the requisite elements of the offense charged and thus the sought information is beyond the scope of the requested relief. See United States v. Wodiska, supra; Douchan v. United States, 136 F.2d 144 (6th Cir.), cert. denied 319 U.S. 773, 63 S.Ct. 1439, 87 L.Ed. 1721 (1943); Kalin v. United States, 2 F.2d 58 (5th Cir.1924). In light of the lack of necessity of the information sought in item 3, item 4 which requests the manner in which any demands were made is also denied. See United States v. Peace, 16 F.R.D. 423 (S.D.N.Y.1954).

■■ In support of their motion for discovery and inspection, the defendants allege that the government has in its possession books, papers and records obtained by seizure or process from third parties. The government has denied that anything of a documentary nature was obtained from others by such methods. The defendants have not shown otherwise and on this ground, without even reaching the question of reasonableness under Rule 16, the motion is denied. United States v. Simon, 3C F.R.D. 53 (S.D.N.Y. 1962); United States v. Rosenberg, 10 F.R.D. 521 (S.D.N.Y.1950). Even were the defendants' motion deemed made in accordance with Rule 17, the result would not change. The defendants have failed to make at least some specification of which documents are sought. (See Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951); United States v. Iozia, 13 F.RD. 335 (S.D.N.Y.1952)) and have made no showing of good cause sufficient to justify production before trial by subpoena. See United States v. Murray, 297 F.2d 812 (2d Cir.), cert. denied 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962); United States v. Iozia, supra. The motion for discovery and inspection is accordingly denied.

So ordered.