46 Cal.App.2d 857 (1941)
THE PEOPLE, Respondent,
v.
VIRGINIA LOPEZ, Appellant.
Crim. No. 3481. 
California Court of Appeals. Second Dist., Div. One. 
Sept. 26, 1941.
 Donald MacKay and Prentiss Moore for Appellant.
 Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.
 YORK, P. J.
 Appellant Virginia Lopez was charged in an information filed by the district attorney with aiding and abetting her codefendant in the commission of the crime of statutory rape. A jury trial having been waived, the court found appellant guilty "of the crime of contributing, a lesser offense than that charged in the information, but necessarily included therein," and sentenced her to the county jail for the term of one year.
 This appeal is prosecuted from the judgment of conviction and from the order denying motion for new trial.
 [1] The following question is presented by appellant for determination by this court: "Where a defendant is charged in one count with the violation of section 261 of the Penal Code, can such defendant be found guilty of contributing to *858 the delinquency of a minor (section 702, Welfare and Institutions Code), a misdemeanor, where no such crime is charged or alleged in the information or complaint?" Appellant urges that before she could be found guilty of a lesser offense than that charged against her, such lesser offense must necessarily be included in the charged offense, and "must not only be a part of the greater in fact, but it must be embraced within the legal definition of the greater and as a part thereof"; and cites in support of this theory the case of People v. Bevans, 19 Cal.App.2d 288 [65 PaCal.2d 92]. The cited case is not in point in support of such contention, but in fact does in a measure support the judgment rendered.
 The minor prosecutrix testified that her clothing was removed against her will by appellant and that appellant then placed said minor on the bed and held her down while the act of intercourse was accomplished. Appellant's codefendant La Rue pleaded guilty to contributing to the delinquency of said minor, under the charge of statutory rape as set forth in the information, and was permitted to file an application for probation. While said application was pending, La Rue appeared as a witness for appellant and, while he admitted having had sexual intercourse with the prosecutrix, he denied that appellant was actually present in the room when the act or acts occurred.
 There was sufficient evidence introduced to justify the trial court in finding appellant guilty as charged in the information. However, it is apparent that the trial judge discounted a great deal of the testimony and disbelieved some portions of it, but the evidence was sufficient to support his finding that appellant committed the offense of which he found her guilty.
 The only question raised which is worthy of discussion is, whether the court was justified as a matter of law in rendering the judgment which it did. There is some slight conflict in the decisions as to the law on this subject, but it is the better rule to hold that, where the acts committed tended to show the commission of the acts charged and where such acts in themselves actually constituted the lesser offense, i. e., contributing to the delinquency of the minor, a conviction had of the lesser offense should be sustained. The judgment rendered would prevent the retrial of appellant upon *859 the original charge, for the reason that it amounted to an acquittal of the greater crime, to-wit: aiding and abetting in the commission of the crime of statutory rape, which is a felony, while the lesser offense, of which appellant was found guilty, is a misdemeanor.
 The judgment and order appealed from are, and each of them is, affirmed.
 Doran, J., and White, J., concurred.