[Crim. No. 2732.   Third Dist.   Feb. 26, 1957.]

THE PEOPLE, Respondent, v. DAVID S. MITCHELL, Appellant.

Harold L. Abbott for Appellant.

Edmund G. Brown, Attorney General, and Lloyd Hinkleman, Deputy Attorney General, for Respondent.

WARNE, J. pro tem.*—The defendant was convicted by a jury of a violation of section 702 of the Welfare and Institutions Code.

Appellant appeals from an order denying his motion for a new trial and from the judgment entered.

The record reveals that a motion for a new trial was made and denied on August 29, 1956.   Thereafter, there was a hearing in the superior court to determine whether the appellant was a sexual psychopath within the meaning of chapter 4 of part 1 of division 6 of the Welfare and Institutions Code.   The pronouncement of sentence was suspended pending the hearing.   After hearing this matter, the proceedings were dismissed, and the appellant was referred back to the superior court, sitting as a juvenile court. He was then sentenced to one year in the county jail.

---

*Assigned by Chairman of Judicial Council.

David S. Mitchell was accused of violating section 702 of the Welfare and Institutions Code, contributing to the delinquency of a minor. The information specifically charged that he ". . . willfully and unlawfully fondled the genitals of one Lewis . . . then of the age of sixteen." It further charged that such acts "caused or tended to cause and encourage the said Lewis . . . to become and remain a minor child . . . who is in danger of leading an idle, dissolute, lewd and immoral life."

Briefly, the facts are: Lewis approached Mitchell for a job on his ranch. Mitchell refused to hire Lewis unless he was 16. To verify the boy's age, the two drove to Lewis' home where his mother showed Mitchell Lewis' birth certificate which showed the boy was 16. The mother then gave Lewis permission to drive to Reno with Mitchell where Mitchell intended to purchase fencing material for his ranch. The trip was made. The two returned. Lewis then obtained permission to spend the night at Mitchell's home. Lewis was shown to his bedroom, he undressed and went to bed. Later Mitchell got into bed with Lewis. Lewis testified that after Mitchell was in bed with him, ". . . all of a sudden he grabbed my privates; and I say, why, what you doing; and he made a chuckle." Mitchell then turned over, and after he went to sleep, Lewis dressed and left the house. Mitchell awoke while Lewis was still in the house. He followed Lewis who went to the police station to seek help. While awaiting the arrival of the police, Mitchell drove up and asked Lewis to return. Lewis told the police that ". . . this old guy, or geezer, 'promised me a job, took me home and put me to bed and got in bed with me and got fresh.' " While talking to police officers, Lewis appeared to be frightened, his face was chalk-white, he was very frustrated. Mitchell denied the act.

The sole claim on this appeal is that the evidence is insufficient to sustain the verdict.

Under the provisions of section 702 of the Welfare and Institutions Code, any act which tends to cause or encourage a minor to become a delinquent is made criminal. A case is made out when the evidence proves acts on the part of the defendant which tend to cause or encourage minors to lead a dissolute, lewd, or immoral life. It is not necessary to show that the act actually did so. Deliberately grabbing the genitals of a minor boy could tend to cause or encourage him to lead a dissolute, lewd, or immoral life. Essentially, whether

the conduct of the accused does so tend is a question for the jury. The jury impliedly found that Mitchell grabbed Lewis' genitals, and that this act tended to cause Lewis to come within the purview of section 700, subdivision (k), of the Welfare and Institutions Code. We feel that such a finding is reasonable and is fully justified by the evidence. (*People* v. *Deibert,* 117 Cal.App.2d 410, 415-416 [256 P.2d 355].)

The order denying defendant's motion for a new trial and the judgment are affirmed.

Van Dyke, P. J., and Peek, J., concurred.