[Crim. No. 12334. Second Dist., Div. Four. Sept. 13, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. EARL AR-
NETT NORRIS et al., Defendants and Appellants.

Richard S. Buckley, Public Defender, and Fred Kilbride, Deputy Public Defender, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bruce Wm. Dodds, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—Appellants Norris and Parham, and their codefendant Alvarez (who is not appealing), were charged in count I with statutory rape, in violation of Penal Code section 261, subdivision 1, in that they did have sexual intercourse with a girl named Betty, aged 16. In count II Alvarez was charged with oral copulation with a girl named Doranne, in violation of Penal Code section 288a. The jury found all three defendants not guilty of the felonies charged, but guilty of contributing to the delinquency of a minor in violation of Penal Code section 272,[1] an offense the commission of which is necessarily included in the offense charged in count I. The court sentenced Norris and Parham to serve 30 days in the county jail, after giving consideration to time spent in jail awaiting trial. Norris and Parham are appealing from the judgments. The notices of appeal also refer to the orders deny-

---

[1] "Section 272. Causing, encouraging or contributing to delinquency of persons under 21 years; inducing disobedience to court order; punishment

"Every person who commits any acts or omits the performance of any duty, which act or omission causes or tends to cause or encourage any

ing a new trial, which are nonappealable orders. (Pen. Code, § 1237.)

The testimony of the two girls includes the following: In the late afternoon of November 17, 1965, Betty, aged 16 years, 4 months, and Doranne, aged 15 years, 3 months, while walking along a street in the rain, solicited a ride with defendant Alvarez, who had stopped his car for a traffic signal. Alvarez took the two girls to a motel where Norris and Parham lived in a one-room apartment with kitchen and bath. There was only one bed in the room. The girls stayed overnight that night and the next night, and departed the morning of November 19. Alvarez spent the first evening with the group. Parham and Norris stayed in the room with the girls all night both nights, but went away to work during the day on November 18. Each of the three men had more than one act of sexual intercourse with Betty. On one occasion in Betty's presence Doranne placed her mouth on Alvarez' penis. Another man named Tico also had intercourse with Betty. All of these acts occurred in the motel room in the presence of the appellants and both girls. The defendants gave the girls a malt liquor known as "Colt 45" to drink. Alvarez gave the girls pills which he called "reds" and cigarettes which he called marijuana. Betty tried smoking the marijuana and found it did not taste like tobacco and it made her a little dizzy. "Reds" is a common name for a barbiturate which is dispensed in a red capsule.

Each of the defendants testified in his own behalf and denied any sex acts and denied that the girls had been given any alcoholic beverage, marijuana or barbiturate. Parham testified that Betty told him she lived with her parents and

---

person under the age of 21 years to come within the provisions of Sections 600, 601, or 602 of the Welfare and Institutions Code or which act or omission contributes thereto, or any person who, by any act or omission, or by threats, commands, or persuasion, induces or endeavors to induce any person under the age of 21 years or any ward or dependent child of the juvenile court to fail or refuse to conform to a lawful order of the juvenile court, or to do or to perform any act or to follow any course of conduct or to so live as would cause or manifestly tend to cause any such person to become or to remain a person within the provisions of Sections 600, 601, or 602 of the Welfare and Institutions Code, is guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment in a county jail, or may be released on probation for a period not exceeding five years. The district attorney shall prosecute all violations charged under this section."

Welfare and Institutions Code sections 600, 601 and 602 define the classes of persons who come within the jurisdiction of the juvenile court.

that she was 19 and Doranne was 18, and that he believed her. About 7 :30 p.m. on November 18 he saw her high school identification card which showed her age was 16.

Norris testified that he had no idea Betty was under 18.

We must reject appellants' contention that a conviction for contributing is unsupported by the pleading and the evidence.

Penal Code section 1159 provides "The jury . . . may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, . . ."

In *People* v. *Greer*, 30 Cal.2d 589, 596, 597 [184 P.2d 512], the Supreme Court said: "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.

" . . . . . . . . . . . .

"Statutory rape (§ 261(1)) and lewd and lascivious conduct (§ 288) are offenses against minors under 18 and 14 years of age, respectively, whereas section 702 [now Pen. Code, § 272] protects minors under 21. Consequently, the age groups covered by sections 261(1) and 288 of the Penal Code are necessarily included within the age group covered by section 702 of the Welfare and Institutions Code. It is inconceivable that the acts described in sections 261(1) and 288 would not contribute to the delinquency of a minor."

Upon that rationale the authorities establish that a charge of statutory rape will support a conviction of contributing under Penal Code section 272 (formerly Welf. & Inst. Code, § 702) as a necessarily included offense. (*People* v. *Chester*, 138 Cal.App.2d 829 [292 P.2d 573] ; *People* v. *Lopez*, 46 Cal.App.2d 857 [117 P.2d 10].)

Appellants direct their attack against the court's instruction to the jury that "if you should find that any defendant indulged in sexual intercourse with Betty . . . but you should also find that any defendant entertained a reasonable belief in good faith that the said Betty . . . was of the age of 18 years or older such defendant or defendants cannot be adjudged guilty of statutory rape. However, if you should determine that said Betty . . . was under the age of 21 years at the time of such conduct, a defendant or defendants may

be adjudged guilty of . . . contributing to the delinquency of a minor, . . ."[2]

 Appellants point out that this instruction, in effect, told the jury that if the defendants had intercourse with Betty at all, they were violating Penal Code section 272.

Appellants' argument appears to be premised upon the view that, under modern standards, intercourse with a person under the age of 21 does not necessarily tend to cause the "delinquency" of such minor person. Whatever validity that argument may have as an abstract proposition, it has none as applied to the evidence in this case. Betty was 16 years old, and the testimony most favorable to appellants is that she told them she was 19. We do not hesitate to say that intercourse under the circumstances shown by this record was, as a matter of law, the kind of an act which would tend to cause her to become or remain a delinquent. It is not necessary that the prosecution show that the act actually had that result. (*People* v. *Mitchell*, 148 Cal.App.2d 733, 734 [307 P.2d 411].) It is no defense that the minor was already leading an immoral life, since the statute punishes acts which tend to cause the minor to remain delinquent. (*People* v. *Wilhite*, 49 Cal. App. 246, 249 [193 P. 151].)

 But there is another problem in this case which distinguishes it from the earlier cases where a charge of statutory rape resulted in a conviction for contributing. Here there is evidence which would convict appellants of violating section 272 even though they never touched the girl sexually. The evidence showed that Betty was a runaway schoolgirl who had been picked up on the street by codefendant Alvarez. Appellants harbored Betty for two nights in their motel room, helping her to hide from her parents and the school authorities, and, according to Betty's testimony, entertaining her with an alcoholic beverage and marijuana.[3]

---

[2]This instruction is similar to CALJIC No. 509.

[3]The Attorney General argues that the evidence of smoking marijuana was received only against Alvarez who, according to Betty, gave her the cigarette. We do not read the record that way. When appellants' attorney moved to strike that testimony the court said:

"The motion will be denied.

"Ladies and gentlemen, any testimony given by a witness as it applies to a particular defendant is relevant only insofar as that particular defendant is concerned and no-other defendant."

If, in appellants' room, in appellants' presence, Alvarez openly furnished marijuana to appellants' minor house guest, who proceeded to smoke it there, appellants were "concerned."

If the jury believed that either of the appellants had failed to have intercourse with Betty, it nevertheless could have convicted him of a violation of section 272 for encouraging a runaway child to remain in these unwholesome surroundings. Yet there was no indication in the accusatory pleading that any offense of this kind was being charged.

██ ''Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.'' (*In re Hess,* 45 Cal.2d 171, 175 [288 P.2d 5].) In the *Hess* case, the charge was forcible rape and the conviction was for violating section 272. The conviction was set aside on habeas corpus because ''The information charging forcible rape in the present case did not advise petitioner that he must be prepared to controvert evidence that his alleged victim was under the age of 21 years and to defend a charge of having committed an act that would tend 'to cause or encourage any person under the age of 21 years' to become a delinquent.'' (45 Cal.2d at p. 175.)

██ In the case at bench, the jury was instructed, in substance, that every person who commits any act which tends to cause or encourage any person under 21 to lead an idle, dissolute or immoral life is guilty of the misdemeanor offense of contributing to delinquency; and that if the evidence supported such a verdict, the defendants could be found guilty of that offense. The court then gave the instruction, quoted above, to the effect that intercourse with a girl believed to be 18 but actually under 21 might be adjudged a violation of section 272. But the court did not tell the jury that this was the only act which could be deemed an offense included within the pleading in this case.

Appellants' counsel concedes that in the trial court the prosecution based its case upon the act of intercourse, and not upon the other conduct. Nevertheless, the court's instructions presented section 272 in broad terms and thereby invited the jury to rely upon the other events which were shown by the evidence and which fell so plainly within the court's definition of the misdemeanor offense.

The prejudicial effect of these instructions cannot be overlooked. Each of the appellants gave testimony which, if believed, would have required an acquittal of statutory rape, as well as an acquittal of any lesser offense involving any of the elements of statutory rape. Yet the court's instructions told

the jury they could bring in a verdict of guilty by proof of facts not suggested by anything in the accusatory pleading. This is not due process.

The judgments are reversed. The appeals from the orders denying motions for new trial are dismissed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied October 13, 1967.