[No. A052289. First Dist., Div. Four. Aug. 6, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH DAVID VINCZE, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III., IV. and V.

**COUNSEL**

Joseph David Vincze, in pro. per., and Philip McGough for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Jeff Bryant, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**REARDON, J.**—Appellant Joseph David Vincze was committed to state prison for a term of 47 years after a jury convicted him of multiple counts of lewd and lascivious conduct. (See Pen. Code, § 288, subd. (a).) He appeals, contending that: (1) the trial court erred by not instructing the jury sua sponte on the lesser included offense of contributing to the delinquency of a minor on three of the eighteen charges; (2) he was denied effective assistance of counsel; (3) the trial court improperly excluded certain evidence; and (4) his due process rights were violated by the prosecution's failure to

disclose evidence favorable to him at trial and by the state's failure to provide him with the record on appeal. We affirm the judgment.

## I. FACTS

In 1988 appellant Joseph David Vincze met coworker Debra M. Later that year, he befriended two of Debra's children, nine-year-old Rachel and seven-year-old John, as well as Rachel's friend, nine-year-old Tiffany D. He visited Debra's home and took the children on outings to McDonald's, shopping malls, skating rinks and amusement parks. He paid for their outings, often buying them food and gifts. The children later told their parents that Vincze had molested each of them, citing incidents of genital touching, oral copulation and digital penetration.

A few days after the incidents were reported to police, Vincze was arrested. By information, he was charged with 24 counts of lewd and lascivious conduct, 8 of which were alleged to have been accomplished by means of force, violence, duress, menace or fear, as well as a single count of lewd conduct. (Pen. Code, §§ 288, subds. (a), (b), 647, subd. (a); see Pen. Code, § 1203.066, subd. (a)(3), (a)(5), (a)(8).) The information also alleged that he had been previously convicted of a serious felony warranting a five-year sentence enhancement. (See Pen. Code, § 667, subd. (a).) His motion to set aside parts of the information was granted in part, but only one count was dismissed; the bulk of the information was left intact. (See Pen. Code, § 995.)[1] The court also ruled on pretrial motions regarding the relevance of prior allegations of molestation of Rachel and Tiffany, holding that these allegations would not be introduced into evidence. Before trial, Vincze admitted the truth of the prior conviction allegation outside the presence of the jury.

At trial, each of the three children testified about Vincze's acts. His initial motion for acquittal on several counts was denied, although the information was amended in some respects. (See Pen. Code, § 1118.1.) Vincze did not testify, but the defense put on other witnesses to undermine the children's credibility. Ultimately, a jury convicted Vincze of 19 counts of nonforcible lewd and lascivious conduct. (Pen. Code, § 288, subd. (a).) He was acquitted of the other charges and his renewed motion for acquittal was granted on one count. Vincze was sentenced to 47 years in state prison on the remaining 18 counts: an upper term of 8 years for the principal term, 17 consecutive terms of 2 years each, and a 5-year term for the Penal Code section 667 enhancement.

---

[1] Vincze's petition for writ of mandate or prohibition, reviewing this ruling, was summarily denied by this court in December 1989. (Case No. A047711.)

## II. Instructions

 Vincze contends that the trial court erred by not instructing the jury sua sponte on contributing to the delinquency of a minor on three of the eighteen charges on which he was sentenced. (See Pen. Code, §§ 272, 288, subd. (a).) The parties dispute whether contributing to the delinquency of a minor is a lesser included offense of lewd and lascivious conduct. Although there is a split of authority on this question, we are persuaded by a recent appellate decision (*People* v. *Bobb* (1989) 207 Cal.App.3d 88 [254 Cal.Rptr. 707]) concluding that contributing to the delinquency of a minor is not a lesser included offense of lewd and lascivious conduct.

 In criminal cases, the trial court has a sua sponte duty to instruct the jury on necessarily included offenses when the evidence raises a question about whether all the elements of the greater offense were present. (*People* v. *Wickersham* (1982) 32 Cal.3d 307, 323-324 [185 Cal.Rptr. 436, 650 P.2d 311]; see *People* v. *Bobb*, *supra*, 207 Cal.App.3d at p. 91.) When an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. (*People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512]; see *People* v. *Bobb*, *supra*, at p. 91.) Forty-five years ago, the California Supreme Court held that contributing to the delinquency of a minor is a necessarily included offense of the crimes of lewd and lascivious conduct and unlawful sexual intercourse. (See *People* v. *Greer*, *supra*, at pp. 597-598; *People* v. *Bobb*, *supra*, at p. 91; see also Pen. Code, § 261.5 (Pen. Code, former § 261, subd. 1 (Stats. 1913, ch. 122, § 1, p. 212) recodified in Stats. 1970, ch. 1301, §§ 1-2, pp. 2405-2406].) The court did not explain its reasoning or compare the elements of the greater and lesser crimes; it merely concluded that "[i]t is inconceivable that the acts described in sections 261(1) and 288 would not contribute to the delinquency of a minor." (*People* v. *Greer*, *supra*, at p. 597; see *People* v. *Bobb*, *supra*, at p. 91.)

In more modern cases, the determination of whether a lesser offense is necessarily included within a greater offense turns on the elements of the offenses. Subdivision (a) of section 288 of the Penal Code defines lewd and lascivious conduct as the wilful and lewd commission of "any lewd or lascivious act . . . upon or with the body . . . of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child . . . ." Section 272 of the Penal Code defines contributing to the delinquency of a minor as "any act . . . which . . . causes or tends to cause or encourage any person under the age of 18 years to come within the provisions of Section 300, 601, or 602 of the Welfare and Institutions Code or which act . . . contributes thereto,

. . . or to do or to perform any act or to follow any course of conduct or to so live as would cause or manifestly tend to cause any such person to become or to remain a person within the provisions of Section 300, 601, or 602 of the Welfare and Institutions Code, is guilty of a misdemeanor . . . ." Thus, one contributes to the delinquency of a minor by bringing a minor within the reach of section 300, 601, or 602 of the Welfare and Institutions Code.[2]

Courts have assumed that the *Greer* court probably relied on section 601 to find that contributing to the delinquency of a minor is a lesser included offense of lewd and lascivious conduct. (See *People* v. *Bobb, supra,* 207 Cal.App.3d at p. 92.) This is a reasonable conclusion, given the reach of that statute at the time that *Greer* was decided. Today, section 601 provides, in pertinent part, that "[a]ny person under the age of 18 years who persistently or habitually refuses to obey the reasonable and proper orders or directions of his parents, guardian, or custodian, or who is beyond the control of such person, or who is under the age of 18 years when he violated any ordinance of any city or county of this state establishing a curfew based solely on age is within the jurisdiction of the juvenile court . . . ." (§ 601, subd. (a).) Until 1976, it also included within the jurisdiction of the juvenile court those persons under the age of 18 who were "from any cause . . . in danger of leading an idle, dissolute, lewd, or immoral life." (Former § 601 [Stats. 1974, ch. 1215, § 8, p. 2629].) This language was deleted by amendment in 1975. (See Stats. 1975, ch. 1183, § 2, p. 2917.)

Recently, the Third Appellate District declined to follow *Greer,* concluding that its reasoning is no longer valid after the 1975 amendment to section 601. (See *People* v. *Bobb, supra,* 207 Cal.App.3d at pp. 91-96.) In a case involving the greater offense of unlawful sexual intercourse, *Bobb* found that the amendment "effectively uncoupled the lesser offense as necessarily included in the greater. . . . [¶] After the 1975 amendment to section 601, none of the acts remaining as bases for juvenile court jurisdiction in that section is so closely related to the elements of unlawful sexual intercourse that it is necessarily implicated in the commission of the latter offense." (*Id.,* at p. 93.) We find this reasoning as persuasive in the present case involving a charge of lewd and lascivious conduct as in *Bobb,* when the charged offense was unlawful sexual intercourse. (See *People* v. *Greer, supra,* 30 Cal.2d at p. 597 [drawing no distinction between unlawful sexual intercourse and lewd and lascivious conduct when analyzing whether contributing to the delinquency of a minor is a lesser included offense].) As lewd and lascivious conduct has no necessary relationship to curfew violations or habitual

---

[2] All subsequent statutory references are to the Welfare and Institutions Code unless otherwise indicated.

truancy—the remaining bases of juvenile court jurisdiction under section 601—that statute cannot support the conclusion that lewd and lascivious conduct necessarily contributes to the delinquency of a minor. (See *People* v. *Bobb*, *supra*, at p. 94.)

*Bobb* also found that the language of section 602[3] could not support a finding of contributing to the delinquency of a minor as a necessary result of the commission of lewd and lascivious conduct. (207 Cal.App.3d at pp. 93-94.) To paraphrase *Bobb*, committing lewd and lascivious acts on a child does not bring him or her within section 602. That statute confers juvenile court jurisdiction over minors who commit crimes, not children who committed no crime. (See 207 Cal.App.3d at p. 94.) The same conclusion holds true in this case.

Former section 300[4] provides Vincze with no support, either. Only subdivision (d) could possibly be relevant. That provision brought within the jurisdiction of the juvenile court any minor who was sexually abused because "the parent or guardian has failed to adequately protect the minor from sexual abuse when the parent or guardian knew or reasonably should have known that the minor was in danger of sexual abuse." While a neglected child may be sexually abused, neglect is not necessarily present in every instance of lewd and lascivious conduct. Pedophiles prey on children who are properly supervised as well as those who are neglected by their parents.[5] As lewd and lascivious conduct does not necessarily bring children within the reach of section 300, 601, or 602, such conduct does not necessarily contribute to the delinquency of a minor to the extent of imposing an instructional duty on the trial court. Therefore, the trial court was not required to instruct the jury sua sponte on the offense of contributing to the delinquency of a minor.[6]

---

[3]Section 602 states: "Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

[4]At the time of the charged offense, section 300 placed within the jurisdiction of the juvenile court minors who suffer physical injury, sexual abuse or emotional damage as a result of parental conduct or neglect. (Stats. 1987, ch. 1485, § 4, pp. 5603-5606.)

[5]Here, we analyze an abstract argument—we do not mean to suggest that the parents in this case neglected their children or were in any way responsible for Vincze's criminal acts.

[6]At trial, defense counsel specifically declined to have the jury instructed on contributing to the delinquency of a minor. A trial court is not required to instruct sua sponte on lesser "related" offenses. (*People* v. *Geiger* (1984) 35 Cal.3d 510, 526 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055]; *People* v. *Bobb*, *supra*, 207 Cal.App.3d at p. 96, fn. 5.)

## III.-V*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Anderson, P. J., and Perley, J., concurred.

A petition for a rehearing was denied August 25, 1992, and appellant's petition for review by the Supreme Court was denied October 28, 1992.

*See footnote, *ante*, page 1159.